(No. 20483.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN SOVETSKY, Plaintiff in Error.

*Opinion filed April 23, 1931.*

WILLIAM W. SMITH, MILTON D. SMITH, and EDWARD M. KEATING, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

A jury in the criminal court of Cook county found John Sovetsky guilty of receiving stolen property of a value in excess of fifteen dollars. He was sentenced to the penitentiary and prosecutes this writ of error for a review of the record.

On the morning of June 2, 1928, Frank Post, an employee of the Marks Express and Teaming Company, a partnership engaged in the business of hauling goods and chattels for hire, drove a truck from the company's warehouse in Chicago, loaded with merchandise collected from a number of shippers and consigned to various merchants in the city. As he reached a point opposite 1001 North Avers avenue, four men jumped from an automobile standing at the curb, approached the truck and pointing a revolver at Post, commanded him to drive the truck into an alley. Post obeyed the command and was then ordered to enter the automobile. As he was taken from the scene of the crime, he observed that the truck was driven east. Immedi-

ately after he was released from the automobile he reported the loss to Maurice L. Marks, one of his employers. In the evening of the same day, Post discovered the truck at Sixty-first street and Kimbark avenue, but the goods had been removed therefrom.

John Sovetsky, the plaintiff in error, on June 11, 1928, conducted a retail dry goods and clothing store on the first and resided on the second floor of a three-story building at 6234 South Western avenue, in Chicago. On that day one Oswald M. Pick subscribed and swore to a complaint for a search warrant before the clerk of the municipal court of that city. Pick stated in this complaint that 2339 pairs of men's shoes, the property of the Florsheim Shoe Company, a corporation, had been stolen and that he verily believed that these "goods and chattels or a portion thereof, are now concealed in first second floors and basement of a building," and the garage in the rear, at 6234 South Western avenue, in Chicago, and that the reason for his belief was that on June 9, 1928, he "received reliable information that the above described property was concealed in the above described premises." A search warrant containing the same description of property was issued upon the complaint. The warrant was delivered to William A. Balswick, a police officer of the city of Chicago, and he entered the premises of the plaintiff in error by authority of the warrant on the day it was issued. In his search the officer discovered a number of pairs of shoes, two or three electric irons and some electric light fixtures bearing the name of Weinberg & Sons. Upon inquiry whether that firm had sustained a loss of such fixtures, the police officer was directed to call the Marks Express and Teaming Company, and pursuing the inquiry as directed, he informed Maurice L. Marks of his discovery of the fixtures and of a quantity of merchandise in the premises of the plaintiff in error.

Marks had no information respecting the contents of the packages stolen from the truck except that obtained by

checking duplicate way-bills which were in the possession of the teaming company and by making inquiries of the respective shippers and of a consignee of the goods. These inquiries and the information given by officer Balswick caused Marks to go to the store of the plaintiff in error. He looked through a window and saw certain goods in the store similar to those which, according to the information he had received, had been taken from the truck, and he then made complaint for a search warrant before the clerk of the municipal court of Chicago. In this complaint Marks stated that on or about June 2, 1928, "one bale heavy brown overcoating woolens, five electric irons and other articles of merchandise too numerous to mention," the property of "D. W., D. G. and M. L. Marks, doing business as Marks Express and Teaming Co., not inc.," had been stolen and that he "verily believes and knows that said goods and chattels, or a portion thereof, are now concealed in the store basement, garage, and, or flat located at 6234 S. Western avenue, in Chicago," and that the reason for his belief is "knowledge by having seen said aforementioned merchandise on premises." Upon this complaint a search warrant containing the same description of property was issued. In the execution of this warrant, police officers forcibly entered the basement and store of the plaintiff in error, took dresses, coats, shirts, sweaters, shoes, hoisery, belts, neckties, enamel paint, and other goods from the store, and by a truck removed them to a police station.

Prior to the commencement of the trial of the cause, the plaintiff in error presented his petition, in which, among other things, he alleged that Oswald M. Pick, who signed and swore to the complaint for the first search warrant, had no knowledge of any facts upon which to base the complaint but that he obtained the information set forth in the complaint from a police officer; that by authority of the search warrant, so illegally issued, and in violation of the constitutional rights of the plaintiff in error, police officers

forcibly entered his premises, searched his store, carried property therefrom and exhibited the property so taken to Maurice L. Marks who thereupon swore to the complaint for the second search warrant; that a number of police officers, acting under the direction of officer Balswick, and by authority of the second search warrant, on June 12, 1928, broke into and searched the premises of the plaintiff in error and carried away large quantities of merchandise, described with particularity; that the property seized was purchased by the plaintiff in error to be sold in the usual course of his business and belonged to him exclusively; that the search was made for the purpose of obtaining evidence to sustain the charge against him; that the prosecution intended to introduce evidence relative to the property so unlawfully seized; that the entry into his premises was unlawful and that the search and seizure of his property were illegal and in violation of the State and Federal constitutions. The petition asked the suppression of the evidence obtained through the examination of the property seized and demanded the return of the property to the plaintiff in error. The prayer of the petition was denied and evidence obtained by means of the search for and the seizure of the property, offered by the prosecution, was admitted. Numerous errors are assigned and argued for a reversal of the judgment, but in our view only the correctness of the trial court's ruling upon the foregoing petition requires consideration.

Section 6 of article 2 of the constitution provides that, "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." The verified complaint, upon which a search warrant is issued, must state the facts on which the complainant bases his belief that the articles sought to be seized

are concealed by the accused, with sufficient definiteness so that if the complaint is false perjury may be assigned upon it. (*People* v. *Elias,* 316 Ill. 376; *People* v. *Prall,* 314 id. 518; *Lippman* v. *People,* 175 id. 101; *Myers* v. *People,* 67 id. 503). Concerning a search warrant issued on information and belief, the late Judge Baker, speaking for the United States Circuit Court of Appeals, said in *Veeder* v. *United States,* 252 Fed. 414: "No search warrant shall be issued unless the judge has first been furnished with facts under oath, not suspicions, beliefs or surmises, but facts which, when the law is properly applied to them, tend to establish the necessary legal conclusion, or facts which, when the law is properly applied to them, tend to establish probable cause for believing that the legal conclusion is right. The inviolability of the accused's home is to be determined by the facts, not by rumor, suspicion or guesswork. If the facts afford the legal basis for the search warrant, the accused must take the consequences. But equally there must be consequences for the accuser to face. If the sworn accusation is based on fiction, the accuser must take the chance of punishment for perjury. Hence the necessity of a sworn statement of facts, because one cannot be convicted of perjury for having a belief, though the belief be utterly unfounded in fact and law." The complaint made by Oswald M. Pick, upon which the first search warrant was issued, set forth that 2339 pairs of men's shoes, the property of the Florsheim Shoe Company, a corporation, had been stolen. No facts were recited in the complaint, but it was made merely upon information that the stolen goods were concealed in the premises of the plaintiff in error. The first search warrant, therefore, had no basis and the search made in execution of it was illegal.

The goods to be seized under a search warrant must be described with such certainty that they may be identified and with such particularity that the officer charged with the

execution of the warrant will be left with no discretion respecting the property to be taken. (*People* v. *Prall,* 314 Ill. 518). In the case of gambling devices more latitude in description is necessarily allowed. (*Frost* v. *People,* 193 Ill. 635). Nor may property not described in the warrant be taken. In the complaint made by Marks and in the search warrant issued upon that complaint, the property to be seized was described as one bale heavy brown overcoating woolens, five electric irons and "other articles of merchandise too numerous to mention." Manifestly, the description "other articles of merchandise too numerous to mention," was not a compliance with the constitutional requirement. Goods in considerable quantities not described in the second complaint or search warrant were seized and removed to the police station. Moreover, it appears from the evidence that Marks had no knowledge of the kinds or quantities of goods stolen and that such information as he possessed respecting these goods was obtained from certain shippers and from the consignee of one of them after the robbery had been committed. He made his complaint upon information and belief and not upon facts of which he had knowledge.

There was no sufficient basis for the issuance of the second search warrant, and the search and seizure made under it were illegal. Property so taken cannot be used in evidence against a defendant, provided the application to suppress the evidence be made to the court before the trial is commenced. (*People* v. *Brooks,* 340 Ill. 74; *People* v. *Castree,* 311 id. 392; *People* v. *Brocamp,* 307 id. 448). The petition in the present case was filed in apt time and its prayer should have been granted.

The judgment of the criminal court is reversed and the cause is remanded to that court.

*Reversed and remanded.*