**The People of the State of Illinois, Plaintiff-Appellant, v. David D. Considine, Defendant-Appellee.**

Gen. No. 68–107.

Second District.

March 24, 1969.

Albert Kennedy, State's Attorney of Lee County, of Dixon, for appellant.

Thomas E. Hornsby, of Dixon, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

The defendant, David D. Considine, was charged by way of information with the theft of a glass window pane. Prior to trial he filed a petition to quash the search warrant, suppress the evidence obtained thereby and for a return of the property taken by the sheriff. The magistrate entered an order in accordance with the prayer of the petition and it is from this order that the State appeals.

The complaint for a search warrant, in part, provided that the complainant had probable cause based upon the following:

> "Ronald Hargitt and William Connell stated to the investigating officers, Val R. Galindo, Robert L. Bales, Robert Wise and State's Attorney Henry S. Dixon, that they observed the said David D. Considine remove the glass pane from the paint shop of the Dixon State School and from the grounds.

"The door to which the pane and frame attach has been located on the front door portion of Considine's Tavern in Harmon, Illinois, a tavern owned and operated by the defendant's family.

"A confidential informant known to the investigators to be competent, accurate and reliable, has told the investigators, Robert L. Bales, Val R. Galindo and State's Attorney Henry S. Dixon, that David D. Considine placed the aforesaid frame in storage at one of the described premises listed above, the informant having personal knowledge in that he observed such act."

The order quashing the search warrant was entered on May 23, 1968, but did not contain any findings of fact or conclusions of law as required by statute (Ill Rev Stats 1967, c 38, § 114–12(e)). Thereafter on July 3, 1968, the magistrate, in an attempt to cure this defect, filed a memorandum of decision. This happened after the notice of appeal was filed and jurisdiction passed to this Court.

During the hearing, the defendant was the only one to testify and his testimony was confined to the manner in which the search warrant was executed. No other evidence was introduced. The State, therefore contends that the defendant failed to sustain the burden of proof necessary to allow the motion. If this were all, as far as the evidence was concerned, we would be inclined to agree with the State.

The defendant, however, contended at the trial level and contends here, that the complaint upon which the search warrant was issued is just as much evidence as any direct testimony and when it can be shown that the complaint was invalid, then the warrant and the search that followed is also invalid. This is so regardless of the conformity of the court's order with the statute. We agree.

■■■■■■■■■■■

In Aguilar v. State of Texas, 378 US 108, 114, 12 L Ed 2d 723, 84 S Ct 1509, 1514 (1964), it was stated:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 US 257, 4 L Ed2d 697, 80 S Ct 725, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 US 528, 84 S Ct 825, was 'credible' or his information 'reliable.'
>
> "Otherwise,
> " 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, supra, 357 US at 486, 78 S Ct at 1250; Johnson v. United States, supra, 333 US at 14, 68 S Ct at 369, or, as in this case, by an unidentified informant.
> "We conclude, therefore, that the search warrant should not have been issued because the affidavit did not provide a sufficient basis for a finding of probable cause and that the evidence obtained as a result of the search warrant was inadmissible in petitioner's trial."

More recently, in the case of Spinelli v. United States, 393 US 410, 21 L Ed2d 637, 89 S Ct 584 (1969), the Supreme Court thought it desirable to further explicate the principles of Aguilar. At 21 L Ed2d 641–642, the Court said:

"In Aguilar, a search warrant had issued upon an affidavit of police officers who swore only that they had 'received reliable information from a credible person and do believe' that narcotics were being illegally stored on the described premises. While recognizing that the constitutional requirement of probable cause can be satisfied by hearsay information, this Court held the affidavit inadequate for two reasons. First, the application failed to set forth any of the 'underlying circumstances' necessary to enable the magistrate independently to judge of the validity of the informant's conclusion that the narcotics were where he said they were. Second, the affiant-officers did not attempt to support their claim that their informant was ' "credible" or his information "reliable" ' . . . ."

and then, at p 643 stated:

"Applying these principles to the present case, we first consider the weight to be given the informer's tip when it is considered apart from the rest of the affidavit. It is clear that a Commissioner could not credit it without abdicating his constitutional function. Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion. . . ."

██ In the instant case, the complaint fails to set forth any underlying circumstances upon which the affiant concluded that the confidential informant was "competent, accurate and reliable." Consequently, the affidavit failed to meet the test set forth in both the Aguilar and Spinelli cases, and the trial court was correct in its order.

Having arrived at this conclusion it is unnecessary for us to pass upon the other contentions of the State except to comment upon the form of the order entered herein by the magistrate.

We are aware of no law that would allow a person's constitutional rights to be violated simply because the court failed to enter its order in conformance with a form prescribed by statute. Nevertheless, in due deference to the sponsors of this legislative enactment, the judgment of the trial court is affirmed; however, the cause is remanded with instructions to the trial court to vacate its original order and enter an order in accordance with its memorandum of decision which was entered after the notice of appeal was filed herein.

Judgment affirmed and remanded with directions.

ABRAHAMSON and DAVIS, JJ., concur.