**People of the State of Illinois, Plaintiff-Appellant, v. Sheldon Perlman and Edward Gilman, Defendants-Appellees.**

**Gen. No. 53,886.**

First District, Third Division.

July 16, 1970.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

Richard J. Horka, of Chicago, for appellee.

## OPINION ON REHEARING

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by the State pursuant to Supreme Court Rule 604 from an order entered in the Circuit Court of Cook County suppressing evidence. Defendants were arrested on September 8, 1967, and charged with the offense of gambling. The arrests were made at 420 West Belmont Avenue in the City of Chicago by police officers executing a search warrant for the premises. On motion of defendants the court suppressed all evidence seized pursuant to the search warrant on the ground that the affidavit in support thereof was insufficient.

The affidavit recites in substance that the affiant, police officer Donald Herion, received information from a reliable informant known to him for approximately six months; that on previous occasions the informant had

furnished true, exact and accurate information which resulted in three gambling raids, the arrest of three gamblers, the conviction of one and the recovery of record evidence of bets in all three cases. The affidavit further recited that the informant told the police he called a specified telephone number when he wanted to place a bet on a horse race or other sporting event; that affiant checked that number with the security section of the telephone company and found the name of the subscriber and the address of the premises and apartment involved. Surveillance revealed the address to be a multiapartment building. On September 7, 1967, affiant dialed the telephone number, handed the receiver to the informant and overheard one side of a conversation, the substance of which involved the placing of a $50 bet on a baseball game. The affidavit was duly subscribed by the affiant.

██ An affidavit for a search warrant is not to be deemed insufficient because it is based on the hearsay averments of an undisclosed informer as long as a substantial basis for crediting the hearsay is shown. United States v. Ventresca, 380 US 102 (1965) ; People v. Parker, 42 Ill2d 42, 245 NE2d 487. What is required to establish a substantial basis has been set forth in Aguilar v. Texas, 378 US 108 (1964) as follows: First, that the affidavit list the underlying circumstances upon which the informant's conclusions are based and, second, that the affidavit explain with particularity why the undisclosed source is reliable. If the informant's tip is found inadequate under the standards established by Aguilar, the other averments which corroborate the information contained in the hearsay report should then be considered in order to determine whether or not, with this added support, probable cause exists for the issuance of a search warrant. Spinelli v. United States, 393 US 410 (1969).

In the instant case we are guided in our application of the rules hereinbefore set forth by the recently announced decision in People v. Mitchell, 45 Ill2d 148, 258 NE2d 345.

There the court examined the sufficiency of search warrants issued on the basis of affidavits which bear an almost precise similarity to the affidavit now before us. In Mitchell the affiant police officer received information from an undisclosed informant who had previously supplied true, exact and accurate information resulting in enumerated arrests and convictions. In that case as in this the informant's conclusion that illegal gambling operations were being conducted was based on his own use of the telephone number whenever he wanted to place a bet, and the court held specifically that overhearing one side of a telephone conversation which appeared to culminate in the placing of a bet corroborated, to a limited extent, the informant's information. The court held that these averments established probable cause for the issuance of a search warrant.

In the instant case, the informant used a specified telephone number to place bets. His reliability was established by the record of arrests, the conviction, and the recovery of record evidence of bets as the result of prior information he had furnished the police. A corroborative telephone call, identical to the one described in Mitchell, was initiated by the affiant and was listed among the averments in the affidavit. We conclude that probable cause was established for the issuance of the search warrant. The order of the trial court quashing the search warrant and suppressing evidence is reversed and the cause is remanded for such other and further proceedings as are consistent with the views herein expressed.

Order reversed and cause remanded with directions.

DEMPSEY, P. J. and McNAMARA, J., concur.