THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *v.* DONALD YOUNG, Appellee.

(No. 55360;

First District—February 1, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Joseph H. Romano, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal by the State.[1] On motions by appellee to quash a search warrant and suppress evidence, the warrant was quashed and the evidence seized under its purported authority was suppressed. The sole issue is whether the affidavit, filed when application was made for the search warrant, alleged facts which established probable cause.

On September 11, 1969, acting under authority of a search warrant, Chicago police officers searched defendant and his home. They seized a quantity of marijuana. Thereafter, defendant was charged with possession of narcotics. Prior to trial, he moved to quash the search warrant and suppress the evidence. The search warrant issued on an affidavit that alleged:

---

[1] Par. 604. (Supreme Court Rule 604). Appeals from Certain Judgments and Orders.
    (a) Appeals by the State.
    (1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment, * * * quashing [a] search warrant; or suppressing evidence.

"I, Kenneth Burt, a police officer for the City of Chicago, County of Cook had a conversation with a reliable police informant who in the past has given information resulting in three narcotic convictions. This informant stated that on the 9th of Sept. 1969 he was in the above described apt. and at that time he purchased a tinfoil bag of Marijuana for the sum of $10.00 U.S.C. from a m/n known to him as Donald Young. The informant also stated that what he had in fact purchased was Marijuana because he had smoked some thereof. The informant further stated that as he was leaving the above-described apt. he observed in the possession and under the direct control of this m/n known to him as Donald Young a quantity of Marijuana."

In support of his motions, appellee contended that the affidavit did not allege to whom, when or where the informant had "[g]iven information resulting in three narcotic convictions." Appellee argued that when application was made for the search warrant, reliability of the informant was not shown and probable cause for its issuance was not established. After hearing the parties, the trial judge ruled that although the officer who applied for the search warrant said that "a reliable police informant" had given the information, he didn't "[s]ay to whom, when, where or how. For that reason I don't think the Court can rely on the reliability of the so-called 'reliable informer'." The warrant was quashed and the seized evidence ordered suppressed.

Appellant contends that this ruling was error. It argues that the affidavit met all the requirements of *Aguilar*,[2] even though it did not give the date on which the informant furnished the information or described the person to whom the informant spoke.

■■ Recently, citing *United States v. Ventresca* (1965), 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, we said that affidavits for search warrants are to be interpreted in a realistic manner, not tested by elaborately technical requirements. (*People v. Peavy*, 1 Ill.App.3d 478, 274 N.E.2d 892.) There are, however, two requirements which are not technical and which every affidavit for a search warrant must meet. First, though the affidavit be bottomed on hearsay information and not on the direct personal observations of the affiant, it must inform the issuing magistrate of some of the underlying circumstances from which the informant gathered his information. Second, the affidavit must allege some of the underlying circumstances from which the affiant concluded that the informant, whose identity need not be disclosed, was credible and reliable. (*Aguilar v. Texas* (1964), 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d

[2] *Aguilar v. Texas* (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

723.) These requirements are constitutionally mandated. (See *Nathanson v. United States* (1933), 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159; *Giordenello v. United States* (1958), 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503.) Accordingly, we have held that an affidavit based on the hearsay of an undisclosed informer, if it is to support issuance of a search warrant, must show why the hearsay should be credited and explain with particularity why the undisclosed source is reliable. *People v. Perlman,* 126 Ill.App.2d 481, 483, 262 N.E.2d 253; see *Spinelli v. United States* (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

In *People v. Parker,* 42 Ill.2d 42, 245 N.E.2d 487, narcotics were uncovered and seized pursuant to a search warrant which issued on verified complaints reciting that the affiant, a state narcotics inspector "has been informed by an informant who has previously given information to said complainant which proved to be true." The affiant alleged that the defendant had a quantity of marijuana stored in a desk where he worked and in his home, which an undisclosed informer said, he had previously observed. The affidavit recited that on a recent occasion the informer had purchased marijuana from defendant, marijuana which he turned. over to the affiant. From a different view, the issue which Parker presented to the Supreme Court was the same as the one which appellant presents for our review. After citing *Aguilar* and *Spinelli,* and referring to a number of its own decisions, the court concluded that the affidavits in *Parker* did not establish "[t]hat the informant * * * was 'credible' or his information 'reliable'." 42 Ill.2d 42, at 44.

■■  In the case before us, the only part of the affidavit which suggests any basis for affiant's belief in the informer's reliability is the statement that he "[h]ad a conversation with a reliable police informant who in the past has given information resulting in three narcotics convictions." But affiant did not tell the issuing magistrate who was given this information or when it was given. Other than the conclusionary assertion concerning "three narcotics convictions," affiant did not particularize the underlying circumstances from which the magistrate could find that valid reasons existed for believing the undisclosed informer was credible and reliable. For all that appears, affiant was relying, not on what he was told by some reliable person; he was repeating rumor and gossip. As worded, this affidavit would allow affiant to explain, if called on, that he merely be-. lieved the informer "in the past has given information resulting in three narcotic convictions." An affidavit in support of a search warrant must be such that, if false, it will support a prosecution for perjury. (*People v. Hartfield,* 94 Ill.App.2d 421, 237 N.E.2d 193.) In this State, this is a recourse open to the citizen who has been subjected to a search based

on a false affidavit. (*People v. Bak,* 45 Ill.2d 140, 258 N.E.2d 341; *People v. Mitchell,* 45 Ill.2d 148, 258 N.E.2d 345.) A conviction for perjury, however, cannot be predicated on a belief, though the belief be unfounded in fact and law. *Veeder v. United States* (7th Cir. 1918), 252 F. 414, 418; *People v. Sovetsky,* 343 Ill. 583, 175 N.E. 844.

■■ Consequently, if later events were to prove that the affidavit in this case is false, appellee would not have the remedy which our law affords a citizen who has been subjected to a search based on a false affidavit. What is more important, however, is the fact that the affidavit did not meet the requirements of *Aguilar.* It did not, with particularity, state facts from which the examining magistrate could find that affiant had reasonable grounds to believe the informer was credible and reliable. Therefore, the trial judge correctly quashed the search warrant and suppressed the evidence. (See *People v. Considine,* 107 Ill.App.2d 389, 246 N.E.2d 81.) The judgment is affirmed.

Judgment affirmed.

SCHWARTZ and LORENZ, JJ., concur.