THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK LEE JOHNSON, Defendant-Appellant.

(No. 11613;

Fourth District—September 20, 1973.

*Modified on denial of rehearing December 11, 1973.*

John F. McNichols, Deputy Defender, of Springfield, for appellant.

Everett Laury, State's Attorney, of Danville, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from an order revoking the probation which had

been granted after conviction for theft and burglary. Sentence of one to five years was imposed.

The alleged violations of probation were that defendant knowingly obtained possession of property stolen from one Hatfield and from one Hayes knowing that such property had been stolen by another or then knowing circumstances that would reasonably induce defendant to believe that such property had been stolen intending to deprive the owners permanently. Defendant was also charged with burglary of the residence of Clifford Wilsey.

A warrant was issued directing the search of the trailer home occupied by defendant for six rifles and shotguns. The complaint for search warrant consisted of two pages. The signature of the complaining officers was verified by the magistrate upon the first page. The text on that page included:

> "Complainants say that they have probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the premises set forth above: (see attached sheet)."

Such attached sheet contained a recitation of facts supporting probable cause for issuance of a search warrant. It is contended that the recited facts appearing on the attached page are neither subscribed nor verified.

■■ The two pages constitute a single document which are a part of the court records. The language of the complaint shows that the magistrate would necessarily consider the specifications upon the attached page in issuing the warrant. Affidavits for the search warrants are to be interpreted in a realistic manner and not tested by elaborately technical requirements. (*People v. Young*, 4 Ill.App.3d 602, 279 N.E.2d 392; *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct. 741.) The page on which the verifications appear directed attention to the attached page and the complaint was complete only as a two-page document. (*People v. LaValley*, 7 Ill.App.3d 1051, 289 N.E.2d 45.) The identities of the affiants are clearly shown in the body of the complaint and it is not necessary that the signature appear at the end. *Lieder v. Chicago Transit Authority*, 26 Ill.App.2d 306, 167 N.E.2d 710.

In the execution of the warrant the described weapons were found hidden in the walls of the trailer. The searching officers also found and seized numerous items of personal property as stolen and contraband. A rifle described in the warrant, together with a Hitachi radio and a hunting knife, were identified as the property of Hatfield and were offered into evidence. In the revocation proceedings, no other items were offered or admitted.

■■ Defendant asserts violations of the State and Federal constitutions

in that property not specified in the search warrant was seized. In denying the petition for rehearing, we note that section 114—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 114—12) provides that a defendant aggrieved by an unlawful search and seizure may move the court to suppress the property as evidence and for its return. Subparagraph (a)(2) provides as grounds for the motion that:

> "The search and seizure with a warrant was illegal because the warrant is insufficient on its face; the evidence seized is not that described in the warrant; there was not probable cause for the issuance of the warrant; or, the warrant was illegally executed."

Such statute further provides that the motion shall be made before trial unless an opportunity to do so did not exist or the defendant was not aware of the grounds for the motion. Such motion to suppress may be made during trial if the court determines that it is timely.

The record shows no motion to suppress the evidence seized or any part of it prior to the trial. No motion to suppress was made during the trial and we find no objection to the testimony concerning the items or to the admission of such into evidence based upon the seizure.

An illegal search and seizure will not be considered on appeal where the issue has not been raised in the trial court. (*People v. Harris*, 33 Ill.2d 389, 211 N.E.2d 693, *cert. denied*, 383 U.S. 971, 16 L.Ed.2d 311, 86 S.Ct. 1282.) Such rule of waiver is followed where it is first sought on appeal to raise constitutional issues. *People v. Linus*, 48 Ill.2d 349, 270 N.E.2d 12; *People v. Thompson*, 48 Ill.2d 41, 268 N.E.2d 369.

Defendant cites *People v. Sovetsky*, 343 Ill. 583, 175 N.E.2d 844; *People v. Kimmel*, 34 Ill.2d 578, 217 N.E.2d 785, and *Stanford v. Texas*, 379 U.S. 476, 13 L.Ed.2d 431, 85 S.Ct. 506. In each of such authorities there was review of the denial of motions to suppress or to quash the search warrant.

At the hearing on revocation, the court admitted testimony of the witnesses, Camden and Hannah, over an objection that such was beyond the scope of the petition. These witnesses identified items seized during the search as belonging to them. As an incident to this identification, they testified to the burglaries of their respective homes on stated dates. Defendant now contends that there was error in that defendant had no notice as to such testimony as the witnesses were not named in the petition.

■■ The amended petition alleges that defendant obtained control of identified stolen property of Hatfield and Hayes, "as well as the property of others". In *People v. Tempel*, 131 Ill.App.2d 955, 268 N.E.2d 875, this court said that the defendant, in a petition to revoke probation, was entitled to such notice as would inform him of the nature of the conduct

alleged to be grounds for revocation, but that such conduct need not be identified with the same specificity as was required in an indictment or information. Here, as in *People v. Price*, 24 Ill.App.2d 364, 164 N.E.2d 528, the defendant could have challenged the sufficiency of the language "property of others", or moved for a more particular statement of facts, but he failed to do so.

Defendant was fully advised of the allegation of the possession of stolen property, *i.e.*, the nature of the conduct, and he had an opportunity to be heard but, in fact, offered no evidence by any witness to explain or deny the possession.

Defendant cites *People v. Dwyer*, 57 Ill.App.2d 343, 206 N.E.2d 113, wherein the petition alleges several acts in violation of the terms of probation, but the court permitted testimony concerning a separate and distinct act which had not been alleged. Defendant there testified as to the charges. Upon review, the court found that there was no convincing evidence of any violation and simply noted that defendant was not advised prior to hearing of the charge in the added testimony so that he could be properly heard upon such.

Defendant's argument that the testimony of Camden and Hannah was solely for the purpose of showing defendant's criminal propensity is without merit. The amended petition, without objection, alleged the burglary of the Wilsey home as well as the possession of property stolen from Hatfield and Hayes. We are not advised as to the fact of any limit upon the number of violations of probation which may be charged simply because such charges may show propensity to commit crime or to violate probation. In this case we find that there was adequate notice of the grounds for revocation and an unclaimed opportunity to be heard or to otherwise present evidence.

■■■ In urging that there is no sufficient proof of the violation of probation, it is asserted that there is no sufficient proof that defendant lived in the trailer or that the defendant knew that the goods were stolen. There is no evidence which contradicts the testimony of the police that defendant lived there, that the warrant was served on defendant's wife and that defendant was served with a copy of the warrant when he returned. Upon the question of knowledge that the goods were stolen, numerous items of personal property were found throughout the trailer of defendant, as well as the guns which were concealed within the walls. The sheer volume of articles in the trailer which were not claimed by defendant would support an inference that there was knowledge that the goods were stolen. Possession of recently stolen property not satisfactorily explained ordinarily supports the inference that the person in possession

knew that the property had been stolen. (*Barnes v. United States,* 412 U.S. 837, 37 L.Ed.2d 380, 93 S.Ct. 2357.) Defendant relies upon *People v. Evans,* 24 Ill.2d 11, 179 N.E.2d 657, and *People v. Baxa,* 50 Ill.2d 111, 277 N.E.2d 876. These cases are not persuasive in that each defendant was a passenger in an automobile driven by another when the stolen goods were found. So far as the opinions show, those defendants did not own or control the automobile. Again, in *People v. Rubin,* 361 Ill. 311, 197 N.E. 862, defendant purchased the goods from a known dealer. Such authorities cannot be related to the facts in this case.

A sheriff's deputy testified concerning a conversation with defendant at the jail on a subsequent date. Included were statements from which it may be inferred that defendant knew that the goods were stolen. Defendant contends that there was a failure to prove a knowing waiver of the rights provided in *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602. The only objection made at the trial to the testimony was that it was not offered in written form.

■■ It is not necessary to show express waiver of *Miranda* rights. The criteria of admissibility is a combination of what was said taken in the context of surrounding circumstances. (*People v. Landgham,* 122 Ill. App.2d 9, 257 N.E.2d 484, *cert. denied,* 402 U.S. 911, 28 L.Ed.2d 652.) The uncontradicted testimony is that the deputy advised defendant of *Miranda* rights and that defendant said that he was aware of his rights from other cases. Thereafter, in response to inquiry, defendant indicated that he wasn't sure whether he wished to talk about the case. Having responded to several questions defendant stated that he wished to talk to an attorney and the interview thereupon was terminated. Such uncontradicted circumstances suggest that defendant was well aware of his rights and exercised them at the point where he wished to do so. The deputy conducted himself precisely within the limits stated in *Miranda,* 384 U.S. 436, 474, 16 L.Ed.2d 694, 723. The evidence was admissible. See *People v. Dent,* 131 Ill.App.2d 157, 266 N.E.2d 501.

It having been concluded that the court was not in error in finding defendant guilty of knowingly controlling recently stolen goods, it is not actually necessary to review at length the burglary of the Wilsey home which is also alleged in the petition to revoke. The evidence is clear that defendant was in the car driven by his brother, Fred, which was parked in the drive of the country home at 4:00 P.M., and that defendant waited in the car while Fred and one Walton went into the house and brought the loot and placed it in the car trunk. Walton, who had pleaded guilty to the burglary, testified that he was picked up as a hitchhiker and that they drove around drinking beer without a word being said concerning

burglary until Fred drove the car into the Wilsey home and Walton first entered.

■■■ Defendant argues that there was no proof that defendant committed the overt act of entry. Upon the facts there is a reasonable inference of a role as a lookout, or an effort to protect his probation status. One may aid or abet or be accountable under section 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38, par. 5—2) without actively participating in the overt act. (*People v. Clark*, 30 Ill.2d 67, 195 N.E.2d 157.) There is the undeniable close association between defendant and his brother Fred. Defendant's conduct at the scene was not consistent with that of an innocent man and there may be an inference of design between them. *People v. Thicksten*, 14 Ill.2d 132, 150 N.E.2d 813.

The evidence shows that after the burglary defendant possessed and controlled a substantial portion of the items taken from the Wilsey home. Such evidence sustains the court's finding. *People v. Winchell*, 100 Ill. App.2d 149, 241 N.E.2d 200; *People v. Dunham*, 13 Ill.App.3d 784, 300 N.E.2d 328.

■■ A judgment pending on appeal has not yet reached a final adjudication. (*People v. Chupich*, 53 Ill.2d 572, 205 N.E.2d 1; *People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750.) For such reason the sentence imposed is subject to the provisions of the Unified Code of Corrections, effective January 1, 1973. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4.) That Code, in section 5—6—4(h) (par. 1005—6—4(h)), provides:

> "Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment."

Section 5—4—1(d)(3) of the Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—4—1(d)(3)) provides that the clerk of the court shall transmit to the department or other agency the number of days defendant has been in custody and for which he is entitled to credit. There is, however, no similar provision for stating to the department the amount of time served on probation to enable the administrative application of sentence credit as provided in section 5—6—4(h) of the Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h)). It is therefore necessary for the trial court to determine the quantum of time spent on probation when imposing sentence.

The order revoking probation and the sentence imposed are affirmed. The case is remanded with directions to issue an amended *mittimus* which reflects the time served on probation.

Affirmed and remanded with directions.

SMITH, P. J., and SIMKINS, J., concur.