THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD AHMANN, Defendant-Appellant.

Second District (2nd Division) No. 74-304

Opinion filed April 19, 1976.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Following defendant's plea of guilty to a two-count indictment for burglary and theft, respectively, defendant was sentenced on April 18, 1974, to five years' probation with the first two years to be served on a work-release program to be served and administered in Lake County where defendant had a job and was also engaged in a work-release program while on probation. Paragraph 6 of the order of probation in the case at bar, in providing for defendant to serve the first two years in jail through the work-release program added the following: "The defendant shall appear in Court on April 18, 1975, at 1:30 PM, for a review of his performance at which time the work-release period may be reduced to one (1) year."

On July 11, 1974, a petition to revoke defendant's probation was filed alleging that defendant's Lake County probation was revoked on June 25, 1974, "due to a violation of the defendant's Work-Release program in Waukegan, Illinois. That said defendant was sentenced * * * in Lake County Court" specifying the sentence imposed, and that "defendant is in violation of Rule No. 1 of his Orders of Probation."

At the evidentiary hearing on July 19, the only evidence presented of any violation were these statements by defense counsel:

> "Judge, on behalf of the defendant, I have had an opportunity to review the contents of the petition with him, and specifically, Paragraph 2, which deals with a recitation of violation.
>
> * * *
>
> For the purpose of the record, Judge, Mr. Robinson [defendant's alias] would admit those allegations contained in that petition, that he has in fact violated his probation."

Probation was revoked and defendant was sentenced to not less than 18 months, nor more than 54 months, to be served concurrently with the sentence from Lake County.

On appeal to this court defendant contends that the petition to revoke was insufficient because it was susceptible to two possible interpretations which we do not find it necessary to set forth. The petition clearly recites that his probation in Lake County was revoked because he violated his work-release program in Waukegan. Defendant's probation in Du Page County was conditioned (as permitted by section 5—6—3 of the Unified Code of Corrections)[1] upon his serving the first two years of

---

[1] Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3.

probation on a work-release program to be supervised by the Lake County Probation Department. It is apparent from the statements of defendant's counsel that both defendant and his counsel were aware that the reference to Rule No. 1 of the order of probation was intended, in the context of the petition, to refer to rule or paragraph 6 of that order. Defendant's counsel admitted in defendant's presence that defendant had violated that condition of his probation. The trial court's termination of defendant's probation was well within the the trial court's discretion under these circumstances. Absent a showing of any abuse of such discretion, we must affirm the order of the trial court. See *People v. Johnson*, 13 Ill. App. 3d 1020, 1023-24.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.