**People of the State of Illinois, Appellee, v. John B. Hartfield, Appellant.**

Gen. No. 67–84.

Fifth District.

May 15, 1968.

Robert H. Rice, of East St. Louis, for appellant.

John M. Karns, Jr., State's Attorney, of Belleville, for appellee.

MORAN, J.

Defendant appeals from a judgment of the Circuit Court of St. Clair County, Illinois, finding him guilty of the charge of illegal possession of marijuana, and from the sentence imposed by the court on that judgment.

The principal issue raised on appeal concerns the validity of the search warrant which produced the evidence upon which the conviction was based.

Shortly after midnight on June 15, 1966, a raid was conducted on the apartment of the defendant by Mitchell Ware and John Naylor of the Illinois Division of Narcotic Control, and William Dye, an Illinois State Trooper, pursuant to a search warrant issued upon the complaint of a person whom the agents referred to as a division special employee, commonly known as an informer. The complaint stated that the complainant requested that a search warrant be issued to search John B. Hartfield and 818 North 24th Street, Second floor, East St. Louis, Illinois. After stating that there was probable cause that the defendant possessed marijuana, the complaint was signed by Joe Smith, complainant. Following the complainant's signature, were the typed words: "Subscribed and signed before me on June 14, 1966. /s/ George H. Sansom, Judge—Mag."

The testimony indicates that the three officers entered the building and ascended the stairs to Apartment 4. Trooper Dye knocked on the door. Naylor testified that a male voice asked, "Who is there?" and that Dye identified himself as State Police. Naylor also testified that Ware then said, "Open the door—Narcotics," and receiving no response, Ware kicked in the door. Ware testified that Dye identified himself by saying, "State Police," but that he (Ware) did not say anything, and thereafter kicked the door open. Princess Hartfield, wife of the defendant, testified that upon hearing the knock on the door she stated, "Who is it? and they said, 'State Police.' I said 'Just one moment' . . . immediately after that they bashed the door in . . . ."

Upon entry the defendant was sitting on the edge of the bed in his shorts and his wife was dressed in a nightgown and was putting on a housecoat. A search of the apartment was commenced and after approximately twenty minutes a quantity of marijuana was found scattered throughout the drawer of a chest. The search also disclosed a pistol and some clothing. Officer Dye

testified that the clothing was taken because one or two of the dresses had price tags and other articles were still in boxes. These articles of clothing were taken by Dye and were retained by the State Police. Naylor forwarded the marijuana and pistol to the Bureau of Criminal Identification and Investigation.

Analysis disclosed a quantity of .995 grams of marijuana. Defendant's motion to suppress the evidence seized in the search, on the basis of an illegal search and seizure, was denied. The court, sitting without a jury, found the defendant guilty and imposed a sentence of not less than five years and not more than ten years.

The defendant first contends that the complaint for the issuance of a search warrant failed to comply with the United States Constitution which requires an oath or affirmation as a basis for a warrant, and the Illinois Constitution which requires an affidavit. United States Constitution, Fourth Amendment; Illinois Constitution, art 2, § 6. The defendant contends that the complaint was not sworn to as required, because the jurat stated only that the complaint was "subscribed and signed."

The testimony on which a magistrate acts must be reduced to writing, incorporated in a formal complaint and verified by affidavit; and the complaint must be such that, if false, perjury may be assigned on the affidavit. People v. Sovetsky, 343 Ill 583, 175 NE 844. The search warrant issued by the magistrate stated: "On this day Joe Smith complainant, has subscribed and sworn to the search warrant before me." The People contend that the magistrate did swear the complainant but the word "signed" was inadvertently typed in place of the word "sworn" in the jurat.

The sole question relating to the complaint is whether or not there is sufficient evidence to show that the complainant made an oath, affirmation or affidavit sufficient to afford the defendant redress against the com-

plainant in the event the complaint was false. A sworn statement is required because one cannot be convicted of perjury for having a belief, even though the belief is without factual basis. People v. Sovetsky, supra.

In Kruse v. Wilson, 79 Ill 233, the jurat, attached to the affidavit for an attachment writ, was not signed by any officer. In that case, the clerk recited in the attachment writ that the plaintiff had complained on oath to him. The court said: "It is not to be presumed the clerk has made a false statement in the writ, or that he would have issued the writ without the oath." Id. at 236–237. In People v. McGrain, 38 Ill2d 189, 230 NE2d 699, the question of whether the complaint stated probable cause was raised. The court held that where a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical rather than a common-sense manner. Likewise, the requirement of an oath or affidavit should not be interpreted in a hypertechnical manner. It is apparent that the words "subscribed and signed" were entered in place of the words "subscribed and sworn," by mistake. In addition, the magistrate stated in the search warrant that the complainant "has subscribed and sworn . . . ." It is not to be presumed that the magistrate made a false statement in the search warrant or that he would have issued the search warrant without the oath, affirmation or affidavit. We believe that the complainant subjected himself to perjury if his statement proved to be false and that the complaint, when read in conjunction with the search warrant, complied with the constitutional requirements of an oath, affirmation or affidavit.

The defendant's next contention is that the search warrant did not contain a description which particularly points to a definitely ascertainable place to be searched so as to exclude all others. A search warrant must particularly describe the place to be searched. United States

426

Constitution, Fourth Amendment. The search warrant authorized the search of "John B. Hartfield (person) and 818 North 24th St., 2nd floor, East St. Louis, Illinois. . . ." The testimony of the defendant's wife stated that the building contained four apartments, two on the first floor and two on the second. She further testified that the other apartment on the second floor was vacant at the time of the arrest. The defendant relies upon People v. Martens, 338 Ill 170, 170 NE 275, which stated the rule that a search warrant must describe the premises so as to avoid any unreasonable or unauthorized invasion of the right of security and that the premises must be identified in such a manner as to leave the officer in no doubt and no discretion must be left to him regarding the premises to be searched.

The defendant contends that the search warrant was defective since it did not designate the particular apartment on the second floor. In United States v. Hinton, 219 F2d 324, the court stated the general principle that a warrant is void which describes an entire building when cause is shown for searching only one apartment. The court held that it was immaterial whether or not other people who were not named in the warrant were living in the described premises, since the warrant was invalid when issued and therefore the search was illegal. Another federal court approaches the problem from a different view. In United States v. Poppitt, 227 F Supp 73, the court stated that the issue is whether evidence obtained under a search warrant properly issued, must be suppressed when later evidence discloses that it applies not only to premises occupied by the defendant, but also to an apartment occupied by persons who were in no way implicated in the crime. Id. at 77.

> ". . . It would seem that if an affiant has reasonable grounds for believing that an entire building should be searched, a warrant directing such a search should

427

be sustained, even if it be later shown that affiant's belief was erroneous, provided the search is actually restricted to the part of the building to which the warrant should have been directed." Ibid.

In the instant action there was no evidence to show that the informer knew of the other apartment on the second floor or that he thought it was or was not being used by the defendant for the purpose of possessing marijuana. The agent testified that the informer furnished them with the information relating to the exact location of the defendant's apartment, that is, to the rear of the second floor.

In People v. Cain, 35 Ill2d 184, 220 NE2d 195, the search warrant read: "Upon certain premises described as and located at the third floor, front of the building known as 3946 S. Indiana. . . ." In that case the defendant contended that because the description applied also to the room next door (the apartment having been subdivided) that the warrant was too vague. The court held: "There is not enough merit in this position to justify extended discussion. The warrant sufficiently identified the person and premises to be searched." Id. at 186.

 We believe the warrant in the present case was valid when issued and that the search was legal, since it was restricted to the part of the building to which the warrant should have been directed.

The defendant also alleges that the execution of the search warrant was in violation of the constitutional guarantee against unreasonable search and seizure, because the officers failed to state their purpose after announcing their presence. Masiello v. United States, 304 F2d 399. In that case the defendant heard a knock on his apartment door and the statement, "police," and a few seconds later the police broke open the door. On appeal the conviction was reversed on the grounds that the entry was unlawful in that it violated a federal stat-

ute, 18 USC, § 3109, which specifies that an officer may break open a door to execute a search warrant if ". . . after notice of his authority and purpose, he is refused admittance . . . ." Ibid.

In Miller v. United States, 357 US 301, 2 L Ed2d 1332, 78 S Ct 1190, the police recovered marked currency used for the purchase of narcotics. The defendant moved to have the currency excluded on the grounds that the police did not expressly demand admission or state their purpose. The court stated that the general rule is as that expressed in the federal statute above—authority and purpose must be stated. The court stated that there were some states which allow noncompliance in exigent circumstances, as for example, when the officers believe that there is danger of bodily harm or that the person to be arrested is fleeing or attempting to destroy evidence.

In Ker v. California, 374 US 23, the police officer obtained a passkey to an apartment, entered the apartment, arrested the parties and found marijuana. A California statute allowed an officer to break open a door after having demanded admittance and explaining the purpose for desiring admittance. The Supreme Court held that although the officer did not comply with the terms of the statute, the circumstances came within judicial exceptions which had been engrafted upon the statute by a series of decisions. The court held that although the standard of reasonableness is the same under the 4th and 14th Amendments to the United States Constitution, a distinction must be made between evidence held inadmissible under the federal rule and that held inadmissible because of the United States Constitution. Id. at 33. The court went on to say that:

"The states are not . . . precluded from developing workable rules governing arrests, searches and seizures to meet 'the pretrial demands of effective

criminal investigation and law enforcement' in the states, provided that these rules do not violate the constitutional proscription of unreasonable searches and seizures and the concomitant command that evidence so seized is inadmissible against one who has standing to complain." Id. at 34.

In explaining the Miller case, supra, the court noted that in Miller no exigent circumstances were present. This is evidently based on the fact that the evidence in that case was marked currency and that since the defendant did not know this, there would be no danger of the evidence being destroyed if the police stated the proper authority and purpose. In Ker, however, the court stated:

"Here justification for the officers' failure to give notice is uniquely present. In addition to the officers' belief that Ker was in possession of narcotics which could be quickly and easily destroyed . . . . We therefore hold that in the particular circumstances of this case, the officers' method of entry, sanctioned by the law of California, was not unreasonable under the standards of the Fourth Amendment as applied to the States through the Fourteenth Amendment."

■■ Thus the fact that no purpose is announced prior to a forceful entry is not per se a violation of constitutional rights. If, as in the case of the federal statute, a stated purpose is required, the failure to do so will result in the suppression of the evidence obtained. The Illinois Statute relating to the use of force in the execution of a search warrant states: "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant." Ill Rev Stats, c 38, § 108–8 (1965). There is no statutory requirement that the officer first state his authority and purpose. Therefore, in Illinois, the

determination of whether a forceful entry may be executed without stating the authority and purpose rests upon constitutional grounds. The statute does not preclude such entry; therefore, the entry is valid if it does not violate constitutional rights. The factual situation in the instant case is similar to that found in the Ker case. There was justification for the officers' failure to state their purpose because of their belief that the defendant was in possession of marijuana which could be quickly and easily destroyed. As in the Ker case, the officers' method of entry under the particular circumstances was not unreasonable under the standards of the Fourth Amendment to the United States Constitution.

The defendant further contends that the minute quantity of marijuana discovered in the raid does not justify a conviction of possession of a narcotic. To support this position, the defendant cites two cases from other jurisdictions. People v. Pippen, 227 NYS2d 164; Pelham v. State (Tex), 298 SW2d 171. We have examined these cases and fail to see their application in the present action. In each of them the quantity of narcotic found was so small as to be entirely consumed in the chemical analysis. In Pelham the court concluded that to constitute the unlawful act of possession there must be an amount sufficient for the common use thereof.

The Illinois Statute states that it is unlawful to possess any narcotic drug except as authorized. Ill Rev Stats, c 38, § 22–3 (1965). There is no mention of a minimum required quantity. The quantity of marijuana found in the defendant's possession was .995 grams. This amount was not consumed during chemical analysis. In fact, the marijuana was introduced into evidence. Under these circumstances, we find that there was sufficient evidence to raise a rebuttable presumption that the amount of marijuana found was sufficient for common use.

431

 The defendant's next point raised on appeal is that the officers failed to comply with the statutory requirement that all articles seized shall be returned without delay to a court of jurisdiction. Ill Rev Stats, c 38, § 108–10 (1965). Although the evidence does disclose that the articles were not so returned, the case of People v. York, 29 Ill2d 68, 193 NE2d 774, held that failure to comply with statutory requirements concerning the procedures to be taken after the warrant has been served does not render the search warrant void. Id. at 71.

 The defendant also contends that the requirements of chapter 38, section 114–12, Ill Rev Stats (1965) were not met. Section (e) of this statute requires: "The order or judgment granting or denying the motion shall state the findings of fact and conclusions of law upon which the order of judgment is based." At the conclusion of the evidence given in relation to the motion to suppress, the court made the following ruling: "The Motion to Suppress the evidence will be denied. The question of whether or not the place is stated in definitiveness in the Complaint it sets forth the probable cause, and the Complaint in essence is satisfactory." The defendant's attorney then made a further objection to the search warrant on the ground that the officers did not comply with the requirements relating to the disposition of the articles seized. The court answered: "The objection is noted and the ruling will be the same." Evidently, it is in this ruling that the defendant claims the court failed to state its finding of fact and conclusions of law. However, this contention relates to what occurred after the execution of the search warrant and we have already seen that what occurs after the warrant is executed does not render the search warrant void. The lower court complied with the statutory provisions; the defendant's objection did not relate to evidence illegally seized but rather to what happened to the evidence after it was seized.

The defendant's final contention relates to the items of clothing and the pistol which were seized. These items were not mentioned in the search warrant nor were they introduced as evidence. It appears from the record that the clothes are still in the possession of the State Police and the pistol in the possession of the Bureau of Criminal Identification and Investigation.

Under the provisions of chapter 38, section 114–12, Ill Rev Stats (1965), a defendant may move the court for the return of property on the ground that the search and seizure with a warrant was illegal because the evidence seized is not that described in the warrant. The motion to suppress the evidence in this case does not specifically mention those items which were not described in the warrant. However, the motion is sufficiently broad to include this contention. Therefore, the cause is remanded for a determination of whether the items retained should be returned to the defendant. From the evidence in the record it is apparent that these items should be returned unless otherwise subject to lawful detention.

Accordingly, the decision of the lower court is affirmed, but remanded for a determination of whether the items not described in the search warrant should be returned to their owner.

Affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.