THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSE WEST, JR., Defendant-Appellant.

Fourth District   No. 13650

Opinion filed May 2, 1977.

Helga Kahr, of Champaign, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant appeals from his bench trial conviction of unlawful possession of more than 30 grams but less than 500 grams of cannabis, a violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(d)). He was sentenced to a 1- to 3-year indeterminate imprisonment term. Defendant challenges the validity of the search of his apartment and the propriety of the trial court's permitting a police officer to testify regarding the amending of a search warrant, and contends that the constitutional right to privacy permits in-home, personal use possession of cannabis.

We are confronted by a unique set of facts which includes the involvement of two people with the same name living exactly one block apart. At all times in question, defendant, Jesse West, lived at 609 East Park Street in a second-floor apartment in a white frame house. One block away, at 509 East Park Street, a different Jesse West lived in a two-story green house. There is a discrepancy in the testimony as to whether the house at 609 East Park is a two- or three-story house: the Jesse West who lives there testified that it was a three-story building, while a police officer swore that it was a two-story building.

On October 11, 1974, Champaign police attempted to execute a search warrant of a place described in the warrant as a " * * * second floor apartment in a three-story white-frame house with a brick foundation located at 609 East Park Street, Champaign, Illinois, entrance gained to said apartment through the door on the west side of the second floor landing * * *." From the record it appears that this warrant was defective for failing to accurately describe the place to be searched. The record before us does not disclose what disposition was made of this warrant.

On February 21, 1975, Larry Coleman (an assumed name) swore out a complaint for a search warrant, stating that Jesse West sold him cannabis. The complaint described the place to be searched as a " * * * two-story white frame house at 509 East Park Avenue, Champaign County, Illinois, the apartment to be searched is located on the second floor and takes up the east half of the second floor * * *." That same day a search warrant which described the premises to be searched in exactly the same language as the complaint was issued for 509 East Park. The warrant, however, did not mention Jesse West's name. Prior to its execution, the search warrant's caption was changed by the issuing judge so to read "609 East Park." The subsequent search of defendant's apartment on February 21, 1975, uncovered approximately 65 grams of cannabis.

At the May 1, 1975, hearing on defendant's motion to quash the search warrant, Champaign Police Detective Robert Soucie testified to having participated in the execution of both the October 11, 1974, and February

21, 1975, search warrants. According to Soucie, prior to serving the second warrant, he inspected it and noted that it gave the 509 East Park address. He related that he then went to the issuing judge and informed him that the warrant address should read 609 East Park because the February warrant was not consistent with the October warrant. Soucie stated that the issuing judge then scratched out the "509" in the caption of the warrant, inserted "609", and initialed the change. The issuing judge, however, did not change the address of "509" in the charging part or body of the warrant. Detective Soucie was not sworn to his testimony before the issuing judge nor were his statements reduced to writing. Soucie was aware, however, that persons named Jesse West lived at both addresses. There is no indication that Coleman was present at this time or that he was consulted regarding the change. Detective Soucie testified that he and other Champaign police officers then proceeded to 609 East Park where they uncovered and seized the cannabis.

Defendant contends that the trial court erred in refusing to quash the February 21, 1975, search warrant and to suppress the physical evidence seized because there was no probable cause to change the caption and because the warrant failed to particularize with adequate sufficiency the place to be searched.

The fourth amendment to the United States Constitution prescribes in most certain terms that " * * * no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched * * *." (U.S. Const., amend. IV.) The dictates of the fourth amendment are reiterated in sections 108—3 and 108—7 of the Code of Criminal Procedure, which respectively state in part that "[u]pon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause * * * any judge may issue a search warrant * * * " which " * * * shall command the person directed to execute the same to search the * * * place particularly described *in the warrant*." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 38, pars. 108—3, 108—7.

■■ There is no question that the February 21, 1975, search warrant, as initially issued on the sworn complaint of Coleman, was properly issued. An issuing judge, however, must act in a neutral and detached manner, basing his judgment on the underlying facts presented to him rather than merely accepting the beliefs and conclusions presented him. (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509; *People v. Tate* (1970), 44 Ill. 2d 432, 255 N.E.2d 411.) There must be supporting facts to issue or to change a search warrant, not merely allegations of a police officer engaged in the often competitive pursuit of ferreting out crime. (See *Spinelli v. United States* (1969), 393 U.S. 410, 89

S. Ct. 584, 21 L. Ed. 2d 637; *Giordenello v. United States* (1958), 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503.) The testimony upon which a judge acts in issuing a search warrant in Illinois must be reduced to writing and verified in a formal complaint. (*People v. Hartfield* (1968), 94 Ill. App. 2d 421, 237 N.E.2d 193.) The issuing judge, in this instance, changed the caption of a valid search warrant on the unsworn, factually unsupported oral speculation of police officer Soucie who admittedly based his conclusion that the "509" address was wrong because he had earlier served a warrant on a person of the same name at a different though similar address. This, coupled with the lack of indication that Coleman was ever consulted concerning the change and the similarity in addresses and names, leads us to conclude that the trial court had an insufficient factual basis upon which to find probable cause to effectuate any change in the warrant.

■■ . We are also cognizant that "[n]o warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." (Ill. Rev. Stat. 1973, ch. 38, par. 108— 14.) The description of the premises to be searched, however, must be set forth in the warrant with as much particularity as possible so to enable a police officer, using reasonable efforts, to identify the place to be searched with a requisite degree of certainty. (*People v. Curry* (1973), 56 Ill. 2d 162, 306 N.E.2d 292; *People v. Watson* (1962), 26 Ill. 2d 203, 186 N.E.2d 326.) The description should identify the premises in such a manner as to leave the executing officers no doubt and no discretion as to the premises to be searched. (*People v. Smith* (1960), 20 Ill. 2d 345, 169 N.E.2d 777.) In the instant case, despite the issuing judge's change in the caption of the warrant, the police officers were specifically *commanded* by the body of the warrant to search a residence at 509 East Park. The officers could only go to the "509" address from the face of the warrant and there was no direction that they proceed to search the "609" premises. The highly unusual coincidence that a Jesse West lived at both similar addresses, coupled with the different description of the two houses, must have raised a question in the minds of the officers as to which premises were to be searched. The fact that they were able to pick and choose an address leads us to the inevitable conclusion that the police officers exercised a prohibited amount of discretion in executing the warrant at 609 East Park. We find that this was no mere technical error and that defendant's substantive rights were illegally invaded. Accordingly, we hold that the trial court erred in failing to quash the search warrant and in failing to suppress the cannabis evidence seized.

In light of our conclusion, we find no need to deal with defendant's other issues on appeal. Accordingly, we reverse the defendant's

conviction and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

CRAVEN, P. J., and MILLS, J., concur.