THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN T. MORAN, Defendant-Appellee.

Second District    No. 77-186

Opinion filed March 15, 1978.

Gene L. Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Barbara A. Preiner, both of Illinois State's Attorneys Association, of counsel), for the People.

Thomas J. Burke, of Batavia, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, John Moran, was charged with syndicated gambling, being a keeper of debts, and keeping a gambling place. The trial court granted defendant's motion to quash the search warrant and suppressed the evidence gained through the search which was the basis for the charges against defendant. The state appeals.

An agent of the Illinois Bureau of Investigation prepared a complaint, supported by affidavit, for a search warrant for defendant's address and person. The warrant issued and the search produced a scratch sheet and records of horse bets. At a preliminary hearing defendant moved to strike the affidavit and quash the warrant. Defendant alleged, and the State admitted, that the person who signed the affidavit as a notary was not a notary at the time he so signed. Defendant therefore contends, and the trial court agreed, that the affiant was not examined under oath, the warrant was therefore invalid, and the items seized were seized improperly. The State replies that although the affiant may not have been under oath when the affidavit was signed, he was under oath at the time he had appeared before the issuing judge. This was indicated on the face of the search warrant by the statement that the complainant signed and swore to the complaint before the issuing judge.

■■ Generally a complaint for a search warrant must be such that, if false, perjury may be assigned on the affidavit. (*People v. Hartfield* (1968), 94 Ill. App. 2d 421, 237 N.E.2d 193.) However, *Hartfield* also recognized that the requirement of an oath or affidavit should not be interpreted in a hypertechnical manner. Such avoidance of a hypertechnical approach was utilized by our supreme court recently in *City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 367 N.E.2d 1299. In that case an informant appeared before an issuing judge, but the informant's sworn testimony was not reduced to writing and signed. It was argued that because this was not done the informant could not be charged with perjury if his statements were untrue. The supreme court noted that good practice would have the issuing judge reduce the informant's statement to writing and have it verified, but concluded that the facts of the case

260

supported the determination of probable cause, observing that the record showed that the informant was sworn before the issuing judge.

■■ In the cause before us the affidavit was technically defective because it was not properly notarized. Following the reasoning of the supreme court in *City of Chicago v. Adams*, we also note that good practice would hold that the affidavit should be properly notarized, but that under the facts of this case, where the record shows that the affiant was sworn before the issuing judge, the defect was only technical in nature and therefore insufficient to hold the warrant invalid.

The decision of the circuit court is accordingly reversed and the cause is remanded to that court for further proceedings.

Reversed and remanded.

RECHENMACHER and GUILD, JJ., concur.