THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOE DINGER, Defendant-Appellee.

Fourth District    No. 17475

Opinion filed May 19, 1982.

Chris E. Freese, State's Attorney, of Sullivan (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Erickson & Davis, Ltd., of Decatur (Frederick P. Erickson and Jonathan R. Erickson, of counsel), for appellee.

JUSTICE TRAPP delivered the opinion of the court:

This cause is an interlocutory appeal from an order of the circuit court of Moultrie County granting defendant Joe Dinger's motion to

quash two search warrants and to suppress evidence seized during separate searches of defendant's home. We affirm the order of suppression.

On December 22, 1980, a complaint for a search warrant was sworn out by complainant Dave Crouch requesting the issuance of a warrant to search the premises of defendant. The probable cause statement attached to the complaint and incorporated therein stated:

"Complainant John Doe (Assumed Name) states that during the period from October 11, 1980 through December 22, 1980, I have had numerous occasions to be in the house of Joe A. Dinger, Rural Route #3, Sullivan, Illinois, a one and a half story white frame house with a green roof located approximately one-fourth mile south of County Highway 12.00 North and approximately one-half mile West of County Highway 9.00 East with grid coordinates 850 East and 11.75 North. On the occasions when I was in Joe A. Dinger's house I personally observed a Milwaukee Sawall Sabre Saw—Serial Number 004 834 1753, engraved 'Z-2', located just inside the back door on the bottom shelf of the cabinet standing next to the east exterior wall of the residence.

Complainant Dave Crouch states that John Doe (Assumed Name) informed him on October 19, 1980 that a Milwaukee Sawall Sabre Saw, Serial Number 004 834 1753, engraved 'Z-2' was located in Joe A. Dinger's house. That on October 28, 1980 Complainant Dave Crouch was informed by Zack Construction Co., Clinton Power Plant, Clinton, Illinois, DeWitt County, that a Milwaukee Sawall Sabre Saw, Serial Number 004 834 1753, engraved 'Z-2' was stolen on March 28, 1979 from their construction site at Clinton Power Plant, Clinton, Illinois, DeWitt County."

The item described in the search warrant was seized at defendant's residence, and on the same day, a second complaint for a search warrant was sworn to by complainant Dave Crouch seeking authority to seize three other items of personal property alleged to have been stolen from the Clinton Power Plant construction site and discovered in "plain view" during the execution of the first warrant. Both warrants were returned on December 23, 1980, and several power tools were recovered from defendant's residence.

As a result of the confiscation of the items at defendant's residence, he was charged in a five-count information with violation of section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(d)(1)).

On July 14, 1981, defendant filed separate motions to quash each search warrant and to suppress the evidence seized. On August 14, 1981, a hearing was held on defendant's motion, and subsequently an order was

entered quashing both search warrants and suppressing the evidence seized. The reasoning and basis of the trial court's order of suppression was essentially that the complaint for a search warrant had not established the reliability of the informant as required by *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. The defendant's second motion to quash the search warrant and suppress the evidence seized was granted on the basis that the officers were illegally on the premises when they discovered the other stolen power tools.

The first issue we consider and upon which we believe the decision of the present cause depends, is whether the complaint for a search warrant was properly sworn to as mandated by section 108—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 108—3) as well as section 6 of article I of the 1970 Illinois Constitution and the fourth amendment to the United States Constitution.

The fourth amendment to the United States Constitution provides that "* * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched * * *." (U.S. Const., amend. IV.) Likewise, section 6 of article I of the 1970 Illinois Constitution provides "[n]o warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." (Ill. Const. 1970, art. I, sec. 6.) These requirements are reiterated in section 108—3 of the Code of Criminal Procedure of 1963 which provides, in part, that "upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized, any judge may issue a search warrant * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 108—3.) Application of these requirements to the complaint for search warrant considered by the trial court makes clear that the statements of the purported affiant John Doe were improperly considered in the assessment of whether probable cause for the issuance of a search warrant existed.

The complaint for search warrant lists the complainant as both Dave Crouch and the informant John Doe. In the probable cause statement, incorporated in the complaint for a search warrant, the first sentence recites: "Complainant John Doe (Assumed Name) states that during the period from October 11, 1980 through December 22, 1980, I have had numerous occasions to be in the house of Joe A. Dinger, * * *." Despite this statement by John Doe, he did not swear under oath or affirmation to the truth of the matters contained in the probable cause statement.

■■ While it is clear that a complaint for a search warrant may be based upon multiple affidavits to support the issuance of the warrant, before the

warrant shall issue, the testimony upon which a judge acts in issuing a warrant must be reduced to writing and verified in a formal complaint. (See *People v. West* (1977), 48 Ill. App. 3d 132, 362 N.E.2d 791; *People v. Hartfield* (1968), 94 Ill. App. 2d 421, 237 N.E.2d 193.) The probable cause statement, while thus purporting to be made by the complainant John Doe, was not sworn to by him, and David Crouch, the sworn complainant, did not indicate in the affidavit that the information contained in the first paragraph was given to him by Doe. The unsworn statements purport to be those of John Doe only.

■■ Illinois courts have uniformly rejected the claim of a violation of constitutional rights of an accused by the use of complaints for search warrants sworn to by fictitious affiants. (*People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431, *cert. denied* (1971), 404 U.S. 873, 30 L. Ed. 2d 116, 92 S. Ct. 121; *People v. O'Neal* (1976), 40 Ill. App. 3d 448, 352 N.E.2d 282.) Fictitious affiants may be charged with perjury for the swearing out of false affidavits. (*People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341; *O'Neal*.) Thus, it becomes clear that if the complaint for search warrant alleges facts to support a finding of probable cause, the alias complainant should verify the complaint so that if the allegations prove false he may be charged with perjury.

■■ The necessity of a sworn statement, or one made under oath is not a minor defect which does not prejudice the rights of the accused. (See Ill. Rev. Stat. 1979, ch. 38, par. 107—10.) At the suppression hearing, much of the testimony of defendant's witnesses contradicted Doe's statements that he had had numerous occasions to be in the defendant's house lawfully, but even had the defendant been able to meet the standards set out in *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, there would be no basis upon which to charge the alias complainant with perjury. We note also that there is no evidence in the record that the issuing judge inquired of Doe, under oath, as to the truth of the matters contained in Doe's probable cause statement. We thus conclude that Doe's purported statement should have played no part in the court's probable cause determination. Left with only Crouch's sworn statement to support the finding of probable cause, the complaint for search warrant does not meet the necessary showing required by *Aguilar*.

In *Aguilar*, the United States Supreme Court laid down the standard to be applied when an affidavit for search warrant is based upon hearsay from an identified, or an unidentified, informant. In *Aguilar*, the affidavit in support of the complaint for search warrant recited:

> "Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the

above described premises for the purpose of sale and use contrary to the provisions of law." (378 U.S. 108, 109, 12 L. Ed. 2d 723, 725, 84 S. Ct. 1509, 1511.)

In quashing the search warrant, the court found that the information reflected merely the informant's suspicion and belief, and further indicated what would be necessary for a search warrant based upon hearsay information:

"[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed [citation], was 'credible' or his information 'reliable.'" 378 U.S. 108, 114, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514.

While we might conclude that the reliability of the informant was established by the corroboration of the material parts of the tip (see *People v. Jefferson* (1974), 25 Ill. App. 3d 445, 323 N.E.2d 495; *People v. Hammers* (1976), 35 Ill. App. 3d 498, 341 N.E.2d 471), the requirement of a showing of the basis of the informant's knowledge has not been met.

Our supreme court recently considered this issue in *People v. Gates* (1981), 85 Ill. 2d 376, 423 N.E.2d 887, wherein the court stated:

"The first prong, or the 'basis of knowledge' part of the test announced in *Aguilar*, is concerned with the facts and circumstances showing that the informant knew that the person named has been or will be involved in criminal conduct. The most common means of satisfying this requirement is by the informant's declaration that he is revealing personal knowledge gathered through some physical sensory faculty such as that of sight, smell or sound. [Citation.] Statements containing mere conclusions of criminal activity without a statement regarding independent facts and personal observations do not provide a sufficient basis for a neutral magistrate to decide to issue a search warrant." 85 Ill. 2d 376, 383-84, 423 N.E.2d 887, 890.

Application of this standard to the second paragraph of the probable cause statement incorporated in the complaint for search warrant makes it clear that *Aguilar's* first prong has not been satisfied. The mere statement that "John Doe informed him [Agent Crouch] on October 19, 1980 that a Milwaukee Sawall Sabre Saw, Serial Number 004 834 1753, engraved 'Z-2' was located at Joe A. Dinger's house" is insufficient to show how the informant acquired the information, and is just as conclusory as the affidavit in *Aguilar*. (Accord, *People v. Greer* (1981), 87 Ill. 2d 89, 429 N.E.2d 505.) Nor do we believe the information was of the type to be

self-verifying. *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584.

We affirm the order of the trial court which suppressed the evidence recovered as the product of the first search, as well as the evidence seized during the second search which was the fruit of the first unlawful search on the premises.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.