THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICKY VERA, Defendant-Appellee.

First District (4th Division) No. 1—08—1533

Opinion filed July 16, 2009.—Rehearing denied August 17, 2009.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald, Jon Walters, and Greg Funfsinn, Assistant State's Attorneys, of counsel), for the People.

Frank J. Himel, of Chicago, for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

The State appeals from an order of the circuit court of Cook County granting defendant's motion to quash the search warrant for his apartment and his arrest. The State contends that the court erred in granting defendant's motion because the written complaint for search warrant was sworn by a police officer and contains facts sufficient to show probable cause.

Defendant was charged with two counts of unlawful possession with intent to deliver cocaine (720 ILCS 570/401(a)(2)(C), (d) (West 2006)) and one count of unlawful possession with intent to deliver cannabis (720 ILCS 550/5(e) (West 2006)). These charges followed defendant's arrest and the seizure of evidence from his apartment that was searched pursuant to a warrant.

The written complaint on which the warrant issued was filed by Chicago police officer Dan Rojas. In that complaint, Officer Rojas related that he met with a confidential informant to conduct a controlled drug purchase at defendant's apartment, 3703 North Bernard Street in Chicago. The informant told him that he had purchased cannabis from "Rick Dog," whom he identified as defendant, several times in the last four months at that location. Officer Rojas also stated in the complaint that he had relied on this informant on three prior occasions for information that led to arrests.

On November 9, 2006, Officer Rojas met with the informant, searched him and determined that he did not have any controlled substances on his person. He also gave the informant money from the Chicago police department fund for the purchase. Officer Rojas then watched the informant enter defendant's basement apartment and return shortly thereafter. In the search that followed, no money was found on the informant, but he produced a bag of contraband that he claimed to have purchased from defendant. The substance was field-

tested and found to contain cannabis. The informant also stated that defendant had a large bag of cannabis in his apartment. Officer Rojas verified defendant's address the next day both in person and with aerial photos.

On November 10, 2006, Officer Rojas presented a written complaint to the court requesting a search warrant for defendant and his basement and first-floor apartment at 3703 North Bernard Street in Chicago. The court signed both pages of the complaint following the notation that it was "[s]ubscribed and sworn to before" the court. The court also signed the search warrant, which indicated that the "[c]omplainant has subscribed and sworn to a complaint for search warrant" before the court and that the complaint sets forth sufficient facts to show probable cause.

The court issued the search warrant on November 10, 2006, at 3:15 p.m. The next day, Officer Rojas executed the warrant and recovered narcotics from the designated location. Defendant was arrested and subsequently indicted for the above-stated narcotics offenses.

Prior to trial, defendant filed a motion to quash the search warrant and his arrest, and also to suppress the evidence obtained therefrom. Defendant alleged that the search warrant should be quashed because no record existed showing that Officer Rojas was sworn, and his signature, which was required to ensure the veracity of his statement, did not appear on the complaint. Absent an oath, affirmation, and signature, defendant maintained that Officer Rojas would not be subject to perjury should his complaint statement be proven false. As a consequence, defendant concluded that such an oversight was not a clerical error, but a substantial violation of his rights, requiring that the warrant be quashed.

The State responded that defendant cited no case law to support his assertion that the absence of an affiant's signature was fatal to a search warrant and argued that Officer Rojas was, in fact, under oath at the time he presented his complaint to the court.

The circuit court considered the arguments of respective counsel and granted defendant's motion. In doing so, the court ruled that it could not tell from the face of the warrant whether or not Officer Rojas had sworn to the facts under oath or affidavit. Therefore, the court found that the absence of his signature was a fatal flaw, rather than a technical irregularity, which did not comply with either the United States or Illinois Constitution.

The State now challenges that ruling on appeal. The State contends that the written complaint was properly sworn and met constitutional requirements. When reviewing a motion to suppress, we

will accord great deference to the trial court's factual findings and will reverse those findings only if they are against the manifest weight of evidence; however, we review *de novo* the ultimate question of the legal challenge to the ruling on the motion to suppress. *People v. Sutherland*, 223 Ill. 2d 187, 196-97 (2006).

Consistent with the fourth amendment of the United States Constitution (U.S. Const., amend. IV) and article I, section 6, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §6), section 108—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/108—3 (West 2006)) (Code) provides, in pertinent part, that a search warrant may issue "upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized." The decision is to be based on information contained in sworn statements or affidavits presented to the issuing judge who then makes a practical, commonsense determination given all the circumstances before him or her. *People v. Hughes*, 343 Ill. App. 3d 506, 510-11 (2003). An affidavit in support of a search warrant must be such that, if false, it will support prosecution for perjury. *People v. Young*, 4 Ill. App. 3d 602, 605 (1972).

In this case, Officer Rojas set forth with particularity facts from which the court could reasonably find probable cause to believe that a crime had been committed and that evidence of the crime could be found in the place to be searched. *Hughes*, 343 Ill. App. 3d at 510. Officer Rojas sufficiently described the person and premises to be searched and the narcotics to be seized (725 ILCS 5/108—3(a) (West 2006)), as well as the source of his information and the informant's proven reliability in providing information that led to arrests (*People v. Blake*, 266 Ill. App. 3d 232, 240-42 (1994)).

Defendant does not seriously dispute the satisfaction of the probable cause element in his response, but claims that because the record does not show that Officer Rojas was under oath when he presented the complaint, the resulting warrant was invalid. The State contends that the search warrant was issued on the written complaint of the officer who was under oath, and that the missing signature was a technical irregularity which did not affect defendant's substantial rights.

Section 108—14 (725 ILCS 5/108—14 (West 2006)) of the Code provides that "[n]o warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." Defendant maintains that absent his oath and signature, the affiant requirement was not met and that Officer Rojas would be immune from perjury charges, thus adversely affecting his rights.

In entering its decision, the circuit court noted that there is no Illinois case law directly on point on this issue, where a complainant fails to sign a complaint for a search warrant, but relied upon *People v. Dinger*, 106 Ill. App. 3d 662 (1982), cited by defendant, in granting the motion. We find that reliance misplaced.

In *Dinger*, 106 Ill. App. 3d at 665, the probable cause statement in the complaint for search warrant was purportedly made by a "John Doe" complainant, but not sworn by him, and the sworn complainant did not indicate in his affidavit that this information was given to him by John Doe. In addition, there was no evidence in the record that the issuing judge inquired of a sworn Doe as to the matters contained in his statement. 106 Ill. App. 3d at 665. Under those circumstances, the reviewing court concluded that Doe's statement should have played no role in the court's probable cause determination, without which the complaint was insufficient. 106 Ill. App. 3d at 665. The case at bar does not suffer these infirmities, and we thus find *Dinger* inapposite.

Here, the record shows that Officer Rojas presented a written complaint for search warrant to the court. The court then signed the warrant, which indicated that the complainant had "subscribed and sworn to a complaint," and also signed both pages of the complaint, following the notation that it was "subscribed and sworn to before" the court.

In *City of Chicago v. Adams*, 67 Ill. 2d 429, 433-34 (1977), a warrant was held to be valid even though the informant, who appeared before the issuing judge, failed to reduce his sworn testimony to a signed writing. The court noted that although good practice would suggest that the informant's statement be reduced to writing and verified, the record was, notwithstanding, sufficient to support the credibility of the informant and determination of probable cause. *Adams*, 67 Ill. 2d at 433-34.

Relying principally on that decision, the reviewing court in *People v. Moran*, 58 Ill. App. 3d 258, 260 (1978), reversed the trial court decision quashing a search warrant and suppressing the evidence because the person who notarized the document was not a notary when the complainant signed the affidavit. The court held that although the improperly notarized affidavit was technically defective, such a defect did not vitiate the warrant's legitimacy so long as the affiant was sworn under oath when he appeared before the issuing judge. 58 Ill. App. 3d at 260. The court found the face of the warrant showed that the affiant was under oath where it stated "the complainant signed and swore to the complaint before the issuing judge." 58 Ill. App. 3d at 259.

The same result obtained in *People v. Hartfield*, 94 Ill. App. 2d 421, 426 (1968). In that case, both the complainant and judge signed the complaint, but next to the judge's signature was the notation, "[s]ubscribed and signed before me" rather than "subscribed and sworn." 94 Ill. App. 2d at 424, 426. The reviewing court held that the requirement of oath or affirmation was not to be interpreted in a hypertechnical manner, and found that the words "subscribed and signed" were clearly a mistake. 94 Ill. App. 2d at 426. The court also held that a complaint and warrant are presumed to be properly issued under oath and affirmation, and on that basis, found the complaint in that case, when read together with the warrant, valid, and the complainant subject to perjury. *Hartfield*, 94 Ill. App. 2d at 426.

Applying the reasoning and principles set forth in these cases, we determine that the complaint in this case supports the conclusion that the complainant was properly sworn before the issuing judge, and the absence of his signature was a technical defect that did not violate defendant's rights. *Adams*, 67 Ill. 2d at 433; *Moran*, 58 Ill. App. 3d at 259-60; *Hartfield*, 94 Ill. App. 2d at 426; *cf. Blake*, 266 Ill. App. 3d at 238 (inadvertent omission of issuing judge's signature was technical irregularity not affecting substantial rights).

The record shows that Officer Rojas presented his complaint to the court and that the complaint and warrant were signed by the issuing judge following the notation that Officer Rojas had subscribed and sworn to the facts contained in the complaint before the court. *Moran*, 58 Ill. App. 3d at 259. We will not presume that the judge made a false statement in the search warrant or that he would have issued the search warrant without the oath, affirmation, or affidavit. *Hartfield*, 94 Ill. App. 2d at 426. Although the best practice would be to sign the complaint, the facts here show that the defect was only technical and therefore insufficient to invalidate the warrant. *Adams*, 67 Ill. 2d at 433; *Moran*, 58 Ill. App. 3d at 260.

Accordingly, we reverse the decision of the circuit court of Cook County and remand for further proceedings.

Reversed and remanded.

NEVILLE and STEELE, JJ., concur.